## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DEANNA MILLER-PARKER,**

        **Plaintiff,**

**vs.**

                                    **Case No. 17-1063-DDC**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

        **Defendant.**

---

## MEMORANDUM AND ORDER

On March 17, 2017, plaintiff filed a Complaint against the Commissioner of the Social Security Administration. Doc. 1. Her complaint appears to seek judicial review under 42 U.S.C. § 405(g) of a decision of the Commissioner of the Social Security Administration denying benefits. *Id.* at 4–5. Contemporaneously with filing her Complaint, plaintiff filed two motions: (1) Motion to Proceed Without Prepayment of Fees (Doc. 3); and (2) Motion For Appointment of Counsel (Doc. 4). The court considers these two motions, separately, below.

### *Motion to Proceed Without Prepayment of Fees*

Plaintiff has moved for leave to file this action without payment of fees or costs. Doc. 3. She has submitted an affidavit of financial status supporting her request. Under 28 U.S.C. § 1915(a)(1), the court may authorize a person to commence an action without prepayment of fees after the submission of an affidavit demonstrating an inability to pay. The court has broad discretion to grant or deny permission to proceed in forma pauperis. *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006). But the court cannot act arbitrarily or deny an application on erroneous grounds. *Id.* "[T]he movant must show a financial inability to pay the

required filing fees." *Id.* (quoting *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)).

After reviewing plaintiff's financial affidavit, the court finds that plaintiff has made a sufficient showing that she is unable to pay the required filing fees.  The court thus grants plaintiff's request for leave to file this action without payment of fees, costs, or security under 28 U.S.C. § 1915(a)(1).

### Motion For Appointment of Counsel

Plaintiff also moves the court for an order appointing counsel to represent her in this case. Unlike a criminal case, a party in a civil case has no constitutional right to appointment of counsel.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).  Under 28 U.S.C. § 1915(e)(1), the court in its discretion may appoint counsel in a civil action to represent a person proceeding in forma pauperis who is unable to afford counsel.  *See Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *see also Ekis v. Comm'r of Soc. Sec.*, Civ. A. No. 96-2418-JWL, 1996 WL 633850, at *1 (D. Kan. Oct. 28, 1996) (applying 28 U.S.C. § 1915(e) in a Social Security case).  When determining whether to appoint counsel, the district court should carefully consider all the circumstances, including whether the plaintiff has a colorable claim.  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  As the Tenth Circuit has explained, "[t]he burden is on the applicant to convince the court that there is sufficient merit to [her] claim to warrant the appointment of counsel."  *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).  "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned."  *Id.* (quoting *McCarthy*,

753 F.2d at 839 and explaining that, in *McCarthy*, "a prisoner with multiple sclerosis, diminished eyesight, hearing, and ability to communicate who attended court in a wheelchair and needed to present complex medical issues requiring expert opinion should have been appointed counsel").

If the court finds that the plaintiff has a colorable claim, the court should "consider the nature of the factual issues raised in the claims and ability of the plaintiff to investigate the crucial facts." *Rucks*, 57 F.3d at 979 (citation and internal quotation marks omitted). The court should consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims. *Id.*; *see also Hill*, 393 F.3d at 1115. The court also will consider whether the plaintiff has made a diligent attempt to secure counsel through his or her own efforts. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (applying the rule in a Title VII case under 42 U.S.C. § 2000e-5(f)(1)).

Because plaintiff seeks review of the Commissioner's decision denying plaintiff's application for benefits under the Social Security Act, the court cannot determine whether plaintiff's claim is a colorable one, and likewise cannot meaningfully consider the above factors, until the Commissioner answers the complaint and files the Administrative Record.

The court thus denies plaintiff's motion at this time without prejudice to refiling. If plaintiff continues to desire counsel, she may refile the motion after the Commissioner files her Answer along with the Administrative Record as required under D. Kan. Rule 83.7.1. The court is aware that most attorneys who practice Social Security appeals before our court do not charge a fee for services rendered in a Social Security case unless the appeal is successful and the court ultimately awards benefits. In such a case, attorney fees are limited by the Social Security Act to 25% of past-due benefits. But, plaintiff states that she has contacted only one attorney about her

case.  The court expects plaintiff to conduct a more diligent search than the one she has completed so far.  Plaintiff could secure the services of an attorney even after filing her Complaint pro se.  The court thus encourages plaintiff to continue to seek representation before the Commissioner files her Answer and the Administrative Record.  To that end, plaintiff should contact the Lawyer Referral Service of the Kansas Bar Association (1-800-928-3111) and ask for the names of attorneys who represent social security disability claimants.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 3) is granted.  The Clerk shall prepare a summons under Fed. R. Civ. P. 4 on plaintiff's behalf.  The Clerk shall issue the summons to the United States Marshal or Deputy Marshal, who the court appoints under Fed. R. Civ. P. 4(c)(3), to effect service.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Appointment of Counsel is denied without prejudice to refile after the Commissioner files her Answer along with the Administrative Record in this case.

**IT IS SO ORDERED.**

**Dated this 6th day of April, 2017, at Topeka, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**