IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEANNA MILLER PARKER,

    Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,[1]

    Defendant.

Case No. 17-1063-DDC

## MEMORANDUM AND ORDER

Pro se plaintiff[2] Deanna Miller Parker filed a Complaint against the Acting Commissioner of Social Security alleging employment discrimination under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. This matter comes before the court on defendant's Partial Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 12). Having reviewed the parties' arguments, the court grants defendant's Motion to Dismiss for the following reasons.

### I.     Factual Background

The following facts come from plaintiff's "Employment Discrimination Complaint" and the court views them in the light most favorable to her. *See Garling v. EPA*, 849 F.3d 1289, 1292 (10th Cir. 2017) (explaining that, on a Fed. R. Civ. P. 12(b)(1) or 12(b)(6) motion to dismiss, the court must "accept as true all well-pleaded factual allegations in the complaint and

---

[1]     On January 23, 2017, Nancy A. Berryhill became Acting Commissioner of the Social Security Administration and is automatically substituted for her predecessor, Carolyn W. Colvin, as the proper defendant in this action. Fed. R. Civ. P. 25(d).

[2]     When the court considers a pro se litigant's pleadings, it construes them liberally and holds them to a "less stringent standard" than ones drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

view them in the light most favorable to the [plaintiff]" (citations and internal quotation marks omitted)).

Plaintiff has several severe impairments including degenerative disc disease of the lumbar spine, obesity, degenerative changes to the right knee, carpal tunnel syndrome, depression, and anxiety (R. 19). Plaintiff alleges that Von's Grocery Store in Lompoc, California, terminated her employment because of an on-the-job injury, but that she received workers compensation for the injury (R. 51, Doc. 14). Plaintiff cannot find new employment because she walks with a cane (Doc. 14). Plaintiff thus applied for supplemental security income ("SSI") on June 14, 2013 (R. 259) followed by a disability insurance benefit ("DIB") application on January 14, 2014 (R. 271). The Social Security Administration denied plaintiff SSI and DIB at the reconsideration level on May 15, 2014 (R. 187). Plaintiff then requested a hearing before an Administrative Law Judge (ALJ). The ALJ conducted this hearing on July 8, 2015 (R. 196). Afterward, the ALJ upheld the rule denying plaintiff's SSI and DIB claims (R. 18-30). On January 17, 2017, the Appeals Council denied plaintiff's request for review (R. 1).

Plaintiff timely filed a civil suit on March 17, 2017. Plaintiff's Complaint includes two different complaints. She calls one of them a "Civil Complaint." Doc. 1 at 1–6. She refers to the other as an "Employment Discrimination Complaint." *Id.* at 7–11. The Civil Complaint seeks judicial review of the final decision by the Commissioner of Social Security Administration ("Commissioner") denying plaintiff's application for disability insurance benefits. The "Employment Discrimination Complaint" asserts a claim under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. against the Acting Commissioner of Social Security ("Commissioner") in her official capacity. Plaintiff alleges an employment discrimination claim based on her denial of DIB.

Plaintiff alleges the following facts to support her employment discrimination claim. First, plaintiff alleges that medical doctors declared her permanently disabled. Second, she contends that the Commissioner wrongly denied her DIB because of her permanent disability. Docs. 1 at 4, 14 at 2. Last, plaintiff alleges that defendant failed to reasonably accommodate her because she was denied her disability benefits. *Id*. But, plaintiff never asserts that the United States government or the Social Security Administration employed her at any time.

Defendant's Motion to Dismiss only addresses the Employment Discrimination Complaint. Defendant asserts that the court should dismiss plaintiff's ADA claim for lack of subject matter jurisdiction and for failure to state a claim.[3] Plaintiff filed a Response to defendant's Motion to Dismiss. Doc. 13. That same day, plaintiff also filed a document titled "Argumentation and Authority." Doc. 14. In that filing, plaintiff asks the court to deny defendant's Motion to Dismiss and to grant a hearing on the matter. The court denies the hearing request. The parties have explained their positions effectively in their briefs, and a hearing would not assist the courts' effort to resolve the Motion to Dismiss. The court thus denies plaintiff's Motion for Hearing titled "Argumentation and Authority." Doc. 14 at 2.

## II.    Legal Standard

In its broadest sense, judicial power extends to controversies "between Citizens of different States and between a State, or Citizens thereof, and Foreign States, Citizens or Subjects." U.S. Const. art. III, § 2. A federal statute narrows that scope, providing that federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. To determine whether a claim "arises under" federal law, the court follows the "well-pleaded complaint rule." *Caterpillar Inc. v. Williams*,

---

[3] Because the court concludes that it lacks subject matter jurisdiction over plaintiff's ADA claim, the court does not address defendant's Rule 12(b)(6) motion for failure to state a claim.

482 U.S. 386, 392 (1987); *see also Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908) (holding that a federal issue must arise from the face of the well-pleaded complaint). This rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Generally, a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) takes one of two forms: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). "First, a facial attack on the complaint's allegation as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

Next, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction a district court may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325). "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)" without converting the motion to dismiss to a motion for summary judgment. *Id.* (citations omitted); *see also Sizova v. Nat'l Inst. of Standards & Tech*, 282 F.3d 1320, 1324–25 (10th Cir. 2002) (holding that a court must convert a motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 56 only when the jurisdictional question is intertwined with the merits of case, but concluding that exhaustion of Title VII

administrative remedies is a jurisdictional issue, not an aspect of the substantive claim of discrimination, and thus does not invoke a summary judgment procedure).

**III. Analysis**

Plaintiff brings a claim against the Commissioner under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. Defendant's Partial Motion to Dismiss (Doc. 12) argues that the court lacks subject matter jurisdiction over plaintiff's employment discrimination claim. The court agrees with defendant.

"[T]he 'United States, as sovereign, is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941))). When an individual is named as defendant for acts completed in her official capacity, "the action is in fact one against the United States." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). Courts strictly construe the wavier of sovereign immunity in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996). The Commissioner, in her official capacity, thus is immune from suit unless plaintiff can show she waived that immunity.

Here, plaintiff simply has not established that the ADA waives the Social Security Administration's sovereign immunity. The ADA expressly exempts the federal government from liability in 42 U.S.C. § 12111(5)(b)(i). This statute provides: "The United States is specifically excluded from the statutory definition of 'employer' within the ADA." 42 U.S.C. § 12111(5)(B)(i); *see also DeFrees v. West*, 988 F. Supp. 1390, 1392 (D. Kan. 1997); *Beams v. Norton*, 256 F. Supp. 2d 1203, 1213 (D. Kan. 2003). Also, other courts explicitly have held that an "officer of a federal agency in his or her official capacity constitutes a suit against the United

States, and is not permitted under the ADA." *Whaley v. United States*, 82 F. Supp. 2d 1060, 1061 (D. Neb. 2000); *see also Hernandez v. Donovan*, 710 F. Supp. 2d 1153, 1156 (D.N.M. 2010) ("a lawsuit brought against [a governmental agency] is tantamount to a lawsuit against the United States"). Because the ADA expressly exempts the federal government from liability and thus does not waive sovereign immunity, as a matter of law, plaintiff cannot state a claim against the Commissioner under the ADA.

But, the Rehabilitation Act is different. It includes a provision waiving the United States' sovereign immunity for disability discrimination claims. 29 U.S.C. § 791; *Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1477 (10th Cir. 1988) (holding that section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, provides a private cause of action for federal employees bringing employment discrimination claims based on disability). An employee of a federal agency alleging discrimination against the United States only may pursue relief under the Rehabilitation Act of 1973. *Beams*, 256 F. Supp. 2d at 1213; *see also Lindstrom v. United States*, 510 F.3d 1191, 1194 (10th Cir. 2007) (accepting the federal government's waiver of sovereign immunity if plaintiff follows specific procedures for recovery). Here, plaintiff's Complaint does not allege a claim under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. But, defendant asserts that even if the court liberally construed plaintiff's Complaint as alleging a claim under the Rehabilitation Act, such a claim still fails as a matter of law.

Plaintiff's Complaint alleges no facts stating that she applied to or was an employee working for the Social Security Administration. Plaintiff thus cannot bring a claim under the Rehabilitation Act because the Social Security Administration never employed her.

Plaintiff alleges in her "Plaintiff's Argumentation and Authority" (Doc. 14) that she was fired because of her disability and she cannot find new employment because she walks with a

cane. *Id.* But, plaintiff alleges that her last employer was Vons Grocery Store—not the Commissioner. *Id.* Again, plaintiff never alleges that she worked for the Social Security Administration. Plaintiff's claim arises from the Social Security Administration's alleged failure to accommodate her disability and denial of benefits. The court construes this argument as one asserting that the Commissioner wrongfully denied plaintiff's application for disability insurance benefits. The court will address this argument when it considers the claim asserted in her Civil Complaint (Doc. 1 at 3). But, the court lacks jurisdiction to consider her claim against the Commissioner under the ADA for employment discrimination.

## IV. Conclusion

The court grants defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. The ADA expressly precludes a plaintiff from asserting a claim under that statute against the United States. The United States never has waived its immunity under the ADA. Plaintiff's claim here against the Social Security Commissioner is treated as a claim against the United States. And, her claim is barred by sovereign immunity. Moreover, even if the court construed plaintiff's claim as one brought under the Rehabilitation Act, she has failed to state any facts capable of supporting a favorable finding or inference that the Social Security Administration ever employed her. Thus, any claim under the Rehabilitation Act also fails as a matter of law.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Nancy A. Berryhill's Partial Motion to Dismiss (Doc. 12) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff Deanna Miller Parker's Motion for Hearing titled "Argumentation and Authority" (Doc. 14) is denied.

**IT IS SO ORDERED.**

**Dated this 19th day of October, 2017, at Topeka, Kansas.**

              **s/ Daniel D. Crabtree**
              **Daniel D. Crabtree**
              **United States District Judge**