# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DEANNA MILLER PARKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 17-1063-JWL** |
| **NANCY A. BERRYHILL,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff, appearing pro se,¹ seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

---

[1] Because she is pro se, the court construes Plaintiff's pleadings and briefs liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Travis v. Park City Mun. Corp., 565 F.3d 1252, 1254 (10th Cir. 2009). But, the court will not assume the role of advocate for her. Garrett v. Selby Conner Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

**I.      Background**

Plaintiff asserts that she is disabled and she can barely walk without pain in her knees and lower back.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the Administrative Law Judge's (ALJ) factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless,

the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one

through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

**II.    Discussion**

Plaintiff filed this case against the Commissioner, alleging jurisdiction founded in 28 U.S.C. § 1343 because of violation of her civil rights, and claiming the Commissioner wrongly denied her applications for disability benefits. (Doc. 1). Plaintiff made a second claim against the Commissioner pursuant to the Americans with Disabilities Act, id., which was dismissed on November 2, 2017. (Doc. 15). She argues that she "has the right to have her disability insurance benefits," and the Social Security Administration (hereinafter SSA) has denied her that fundamental right. (Pl. Br. 2). In Plaintiff's motion for hearing (Doc. 14) she suggests that the SSA denied her due process in that it did not hear her evidence, it was unreasonable, and it overlooked her evidence. (Doc. 14, p.2). She argues that she cannot be employed because she is a liability to any employer due to her use of a cane. Id. And, she argues that the denial of her disability benefits is unconstitutional. Id. She has attached an operative report from her total left knee replacement surgery performed on May 8, 2017. Id. at 4-5. Plaintiff also filed a "Motion for Reconsideration" on October 31, 2017, in which she asserts she "deserves relief," and "deserves social security disability income," and "prays for mercy and any other relief the

Court deems fit." (Doc. 18, p.2). To this motion, Plaintiff also attached the operative report discussed above and nine additional pages of medical records for the court's consideration. Id. at 5-13.

The Commissioner filed her Brief on December 22, 2017, and argues primarily that Plaintiff failed to develop arguments of error in the ALJ's decision and thereby "waived review of the Commissioner's final decision." (Doc. 21, p.4). In her secondary argument, the Commissioner argues that the ALJ properly evaluated the opinion evidence and his RFC assessment is supported by substantial evidence. Id. at 4-7. Finally, she argues that the ALJ properly evaluated Plaintiff's allegations of disabling symptoms. Id. at 7-8.

### A.   **Jurisdiction and Due Process**

Plaintiff's suggestion that the court has jurisdiction over this case pursuant to 28 U.S.C. § 1343 is erroneous. Plaintiff points to no authority for the proposition that the receipt of disability benefits is a civil right, fundamental or otherwise. Moreover, the Social Security Act, 42 U.S.C. § 405(h), provides that "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Nonetheless, this court has jurisdiction over this case because, as noted above, the Act provides for judicial review of "any final decision of the Commissioner of Social Security made after a hearing" to which the Plaintiff was a party. 42 U.S.C. § 405(g) (sentence one).

And, the court finds that Plaintiff was not denied her due process rights. "Social security hearings are subject to procedural due process considerations." Yount v.

5

Barnhart, 416 F.3d 1233, 1235 (10th Cir. 2005).  "A claimant whose application for such benefits is denied is entitled to 'reasonable notice and opportunity for a hearing with respect to such decision.'"  Allison v. Heckler, 711 F.2d 145, 147 (10th Cir. 1983) (quoting 42 U.S.C. § 405(b)(1)).  However, the record in this case reveals that Plaintiff received both notice and a hearing before the ALJ, and exhausted her administrative review procedures before the Commissioner.  She does not explain in any manner how that process was constitutionally deficient, and the court finds no constitutional violation.  The ALJ stated multiple times that he had considered all of the record evidence (R. 17, 19, 22, 23) and Plaintiff does not explain what evidence he missed or refused to consider.

### B.      Plaintiff's Waiver

The Commissioner is correct that arguments not raised and developed in an initial brief are waived.  Franklin Sav. Corp. v. U.S., 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (arguments presented superficially are waived) (citing Sports Racing Servs., Inc. v. Sports Car Club of America, Inc. 131 F.3d 874, 880 (10th Cir. 1997) (dismissing claims never developed, with virtually no argument presented)).  As the Commissioner cites in her Brief, the Tenth Circuit has applied this rule to the "generalized and conclusory statements" of a pro se plaintiff which failed "to frame or develop any perceived error in the Commissioner's decision."  Young v. Astrue, 219 F. App'x 840, 842 (10th Cir. March 22, 2007).  As the court held in Young, Plaintiff "has waived review of any decisional errors in the administrative process."  Young, 219 F. App'x at 842.  The court finds no error in the final decision at issue here.

### C.      Medical Records Submitted with Plaintiff's Briefs

As noted above, Plaintiff submitted medical records to this court which were in addition to the administrative record submitted by the Commissioner. The records submitted by the plaintiff all relate to a time after the date of the decision in this case-- November 10, 2015. This court's consideration on judicial review is limited to the "transcript of the record" properly before the Commissioner when making her decision. 42 U.S.C. § 405(g) (sentence four). If Plaintiff's medical condition has deteriorated since the decision was entered in this case, she should file a new application for disability benefits with the Social Security Administration.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated May 30, 2018, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**